UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **MINDY BEZEMEK,** | 2:18-cv-10378-TGB-MKM |
| Petitioner, | HON. TERRENCE G. BERG |
| v. | |
| **SHAWN BREWER,** | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 1)** |
| Respondent. | |

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Mindy Bezemek ("Petitioner") pleaded no contest to accessory after the fact to a felony, Mich. Comp. Laws § 750.505(b), in the Ogemaw County Circuit Court and was sentenced, as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 3 years 10 months to 10 years imprisonment in 2015. In her petition, she raises claims concerning the factual basis and accuracy of her plea and the effectiveness of defense counsel. During the pendency of this case, Petitioner was discharged from her sentences. *See* Petitioner's Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"),https://perma.cc/L3VK-AZE2 . For the reasons set forth, the Court **DENIES** the habeas petition. The Court also **DENIES** a certificate

1

of appealability and **DENIES** leave to proceed in forma pauperis on appeal.

## I.    **Facts and Procedural History**

Petitioner's conviction arises from an incident in which she drove a man named Patrick Sourander away from the scene of a fatal shooting that he committed at a bar in West Branch, Michigan. The evidence presented at the preliminary examination showed that Sourander ran to and entered a van that Petitioner was driving immediately after the shooting and they sped away. When questioned by police, Petitioner admitted that she drove Sourander away from the bar, but claimed that Sourander called her to pick him up. A surveillance video, however, showed that Petitioner was at the bar with Sourander before the shooting and in the bar parking lot when the shooting occurred. A pistol magazine containing the same caliber ammunition that killed the victim was subsequently found in the van that Petitioner drove from the scene. *See* 4/7/15 Prelim. Ex. Tr., pp. 6-9, 17-18 (ECF No. 8-2, PageID.92-95, 103-104).

On September 3, 2015, Petitioner pleaded no contest to accessory after the fact to a felony and acknowledged her fourth habitual offender status in exchange for the dismissal of other charges (in this case and another case). The police report and the preliminary examination transcript provided the factual basis for the plea. *See* 9/3/15 Plea Tr., pp.

3-4, 9-10, 12-18 (ECF No. 8-9, PageID.235-236, 241-242, 244-250). On September 23, 2015, the trial court sentenced Petitioner, as a fourth habitual offender, to 3 years 10 months to 10 years imprisonment. *See* 9/23/15 Sent. Tr., p. 11 (ECF No. 8-11, PageID.275).

Following sentencing, Petitioner moved to withdraw her plea alleging that it was invalid because there was no factual basis showing her knowledge and intent to commit the crime such that her plea was inaccurate and because defense counsel was ineffective for failing to adequately explain the charge and advise her of a possible defense. On April 20, 2016, the trial court conducted a hearing and denied that motion. *See* 4/20/16 Mot. Hrg. Tr., pp. 21-25, ECF No. 8-12, PageID.300-304). Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the same claims presented on habeas review. The court denied the application "for lack of merit in the grounds presented." *People v. Bezemek*, No. 333404 (Mich. Ct. App. July 25, 2016). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Bezemek*, 500 Mich. 934, 889 N.W.2d 263 (2017).

Petitioner thereafter filed her federal habeas petition, raising the following claims: (1) The preliminary exam transcript and police report relied upon for the factual basis to accept the no contest plea do not establish the knowledge and intent required for accessory after the fact

and therefore the plea was not accurate in violation of MCR 6.302(D)(2)(B) and constitutional rights and the trial court erred in denying Petitioner's motion to withdraw a no contest plea; and (2) Petitioner was denied the effective assistance of counsel because trial counsel failed to advise her of the requirements to be found guilty of accessory after the fact and that her lack of knowledge and intent was a defense to the offense.

Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## II.    Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and

5

'demands that state-court decisions be given the benefit of the doubt.'"
*Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333,
n. 7); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A state court's determination that a claim lacks merit "precludes
federal habeas relief so long as 'fairminded jurists could disagree' on the
correctness of the state court's decision." *Harrington v. Richter*, 562 U.S.
86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).
The Supreme Court has emphasized "that even a strong case for relief
does not mean the state court's contrary conclusion was unreasonable."
*Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to §
2254(d), "a habeas court must determine what arguments or theories
supported or ... could have supported, the state court's decision; and then
it must ask whether it is possible fairminded jurists could disagree that
those arguments or theories are inconsistent with the holding in a prior
decision" of the Supreme Court. *Id.* Thus, in order to obtain habeas relief
in federal court, a state prisoner must show that the state court's
rejection of his claim "was so lacking in justification that there was an
error well understood and comprehended in existing law beyond any
possibility for fairminded disagreement." *Id*; *see also White v. Woodall*,
572 U.S. 415, 419-20 (2014). Federal judges "are required to afford state
courts due respect by overturning their decisions only when there could
be no reasonable dispute that they were wrong." *Woods v. Donald*, 575

6

U.S. 312, 316 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. The requirements of clearly established law are to be determined solely by Supreme Court

precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law as determined by the Supreme Court'" and it cannot provide the basis for federal habeas relief. *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## III.   Analysis

### A.   Factual Basis and Invalid Plea Claim

Petitioner first asserts that she is entitled to habeas relief because the factual basis for her plea did not establish the knowledge and intent required for her accessory after the fact conviction, such that her plea was invalid and the trial court erred in denying her motion to withdraw her plea. Petitioner raised this claim on direct appeal. The Michigan

8

Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the state court record reveals that Petitioner's no contest plea was knowing, intelligent, and voluntary. Petitioner was 44 years old at the time of her plea and stated that she understood the

purpose of the hearing and the consequences of her decision. While Petitioner received mental health services, there is no evidence that she suffered from any physical or mental problems which impaired her ability to understand the criminal proceedings or her plea. *See* 9/3/15 Plea Tr., p. 10 (ECF No. 8-9, PageID.242). Petitioner was represented by legal counsel, conferred with counsel during the pre-trial and plea proceedings, and indicated that she was satisfied with counsel's representation. *Id.* at pp. 4-5 (ECF No. 8-9, PageID.236-237). Petitioner was advised that she would be giving up certain rights by pleading guilty and she signed an advice of rights form. *Id*. at pp. 7-9 (ECF No. 8-9, PageID.239-241). The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. *Id*. at pp. 3-4 (ECF No. 8-9, PageID.235-236). Petitioner indicated that she understood the plea agreement and confirmed, several times, that she wanted to plead no contest. *Id*. at pp. 5, 7, 9-10, 18 (ECF No. 8-9, PageID.239, 241-242, 244, 250). She acknowledged that she had not been threatened or promised anything (other than what was included in the agreement). *Id*. at p. 10 (ECF No. 8-9 PageID.242). The court stated that the police reports and the preliminary examination transcript provided a factual basis for her plea, and Petitioner's attorney agreed that they were sufficient to support the factual basis. *Id*. at p. 4, 12-16 (ECF No. 8-9, Page.ID.236, 244-248, 250).

10

Petitioner is bound by the statements that she made at the plea hearing. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). The fact that Petitioner may have been subsequently dissatisfied with her plea or may have hoped for more lenient treatment does not render her plea unknowing or involuntary. *See Brady*, 397 U.S. at 757. A defendant is not entitled to withdraw a plea "merely because [she] discovers long after the plea has been accepted that [her] calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Id.*

By pleading guilty, Petitioner waived her right to challenge the sufficiency of the evidence to convict her of the charge of accessory after the fact to a felony. Any claim that there was insufficient evidence to establish the elements of the crime, e.g., her knowledge and intent, is foreclosed by her plea. *See Broce*, 488 U.S. at 569; *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v.* Ormsby, 252 F.3d 844, 848 (6th Cir. 2001) (unconditional plea waives non-jurisdictional collateral challenge to the sufficiency of the evidence).  Moreover, as stated above, during the plea hearing, in the presence of Petitioner, the court clearly adopted and summarized the evidence presented at the preliminary exam and in the police reports as sufficient to meet the elements of the crime. That evidence included the testimony of Petitioner's acquaintance, who was with her sitting in her van outside the bar at the time of the

11

shooting, witnessed the fight that lead to the shooting while sitting next to Petitioner, heard the gunshot together with her, and then left the van just as a man jumped in and Petitioner "peeled out" of the parking lot. That evidence also included Petitioner's false statements to the police denying that she was present at the bar and claiming that she merely came to the bar to give Mr. Sourander a ride. Petitioner's claim that there was no factual basis for the intent and knowledge elements of the offense is not supported by the record. *See* 9/3/15 Plea Tr., p. 12 (ECF No. 8-9, PageID.244-49)

Additionally, to the extent that Petitioner asserts that her no contest plea was not supported by a sufficient factual basis provided by her, she is not entitled to habeas relief. Under Michigan law, before a trial court may accept a criminal defendant's plea, "the court, by questioning the defendant, must establish support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." Mich. Ct. R. 6.302(D)(1). Although this claim states a violation of a state law procedural rule, which does not provide a basis for federal habeas relief, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), in this case the plea was no contest, which does not require an admission of guilt by the defendant, and for such a plea there is no federal constitutional requirement that a factual basis be admitted by the defendant to support a conviction by a no contest plea. *See North*

12

*Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if [she] is unwilling or unable to admit [her] participation in the acts constituting the crime."); *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995); *see also Bonior v. Conerly*, 416 F. App'x 475, 478 (6th Cir. 2010) ("[t]here is no constitutional requirement that a trial judge inquire into the factual basis of a plea" and affirming denial of habeas relief). Petitioner thus fails to state a claim upon which habeas relief may be granted as to this issue.

Lastly, to the extent that Petitioner asserts that the trial court erred in denying her plea withdrawal motion, she is not entitled to relief. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378 , 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497

13

U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Habeas relief is not warranted on this claim.

### B.   Ineffective Assistance of Counsel Claim

Petitioner relatedly asserts that she is entitled to habeas relief because trial counsel was ineffective for failing to adequately advise her of the charge, specifically, the intent required for accessory after the fact to a felony, and possible defenses. Petitioner raised this claim on direct appeal. The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented and the Michigan Supreme Court denied leave to appeal in a standard order. The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill*

*v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice: "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. *See Harrington*, 562 U.S. at 105 (internal and end

15

citations omitted) ("The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

In this case, Petitioner fails to show that counsel was deficient in advising her about the charges, the plea, or possible defenses. Petitioner offers no proof, other than her own assertions, regarding what defenses or strategies counsel did or did not discuss with her. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 571 U.S. 12, 23 (2013) (quoting *Strickland*, 466 U.S. at 689); *see also Womack v. Del Papa*, 497 F.3d 998, 1004 (9th Cir. 2007) (rejecting ineffective assistance claim based on counsel's alleged failure to discuss possible defenses where petitioner confirmed his understanding of the plea agreement in

16

court and evidence that counsel failed to discuss defenses consisted only of "self-serving statements"). Conclusory allegations are insufficient to warrant habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review).

Moreover, the record indicates that the trial court advised Petitioner of the elements of the crime, accessory after the fact to a felony, at her arraignment.  In doing so, the court explained that the State was required to prove that she had knowledge that Patrick Sourander committed a felony and that she intended to aid him in avoiding or escaping detection. *See* 4/15/15 Arraign. Tr., p. 4 (ECF No. 8-3, PageID.124). Thus, Petitioner's claim that she was unaware of the knowledge and intent required to support the charge of accessory after the fact to a felony is belied by the record.

The Court further finds that counsel's strategy in pursuing a plea and foregoing other avenues of defense was within the range of reasonable professional conduct given the multiple charges against Petitioner, the significant evidence of guilt presented at the pre-trial

proceedings, the uncertainties of trial, and the potential for a lengthy sentencing enhancement.

Lastly, the Court finds that Petitioner fails to show that she was prejudiced by counsel's conduct, *i.e.*, that but for counsel's advice, she would have rejected the plea agreement and insisted on going to trial. To be sure, the potential evidence against her was significant, she did not appear to have a good defense to the charges, and she faced a life sentence as a fourth habitual offender. Petitioner fails to establish that defense counsel was ineffective under the *Strickland/Hill* standard. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted on this claim.

## Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on her claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues

18

presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

s/Terrence G. Berg

Dated: December 30, 2020   TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

19